HARRIS, J.,
delivered the opinion of the Court.
The complainants, as executors of the last will of Abraham Yaughan, deceased, brought this bill in the Chancery Court at Lebanon against the defendants, who are the only persons interested in said estate, to have a construction of said will, and the directions of the Court as to the disposition of the estate.
That portion of the will upon which a construction is asked reads as follows: “ 1st. I give to my beloved wife, Margaret Yaughan, all and singular my land and stock of all kinds, household and kitchen furniture, plantation utensils, and three negroes, to wit, Charles, Fanny, and Rhoda, during her life or widowhood; but if she should marry, then my beloved son, Peter B. Yaughan, to become heir to the whole of the property, except one dollar I give and bequeath to my grandson, Samuel S. Eason, to be made by the said executors out of my estate and given to the said Samuel S. Eason. My beloved son, Peter B. Yaughan, is to have one half of the property left by me when he comes of age; the other half to be kept by my beloved wife during her life or widowhood. If my wife and son should die without heir, then the property left by me to them is equally to be divided between the heirs of Balaam Wells, Dinwiddie county, Yirginia.”
The bill charges that Mrs. Margaret Yaughan, the widow, is dead, having never married since the death of the testator; and as they are at a loss to know what disposition to make of the property under the will, they pray that the defendants may interplead, and that their rights may be settled by a decree of the Court.
*250 The defendants answer, and admit all the charges in the bill, and join in asking a construction of the will. Defendant Vaughan, in his answer, insists that by a proper construction of the will he is entitled to the whole estate.
This is denied by Eason, who insists that testator died intestate as to the one half of his estate, and that, as an equal distributee with his co- defendant Vaughan, he is entitled to be made equal, out of the estate, to the amount given Vaughan by the will, which would take that portion undisposed of by the will; and if he is not entitled to this,' he is at least entitled to the one equal half thereof, less the one dollar bequeathed to him in the will.
The Chancellor decreed that testator died intestate as to one half of his estate, and that the defendants, as dis-tributees, were entitled each to one half of that portion of the estate as to which he died intestate. Erom this decree the defendant Vaughan and complainants have appealed to this Court.
We think the Chancellor was clearly correct in his construction of the will. By the first provision in the will, the entire estate is given to Mrs. Margaret Vaughan, the widow, “during her life or widowhood;” “but if she should marry, then my beloved son, Peter B. Vaughan, to become heir to the whole property, except one dollar I give and bequeath to my grandson, Samuel S. Eason.” The contingency upon which Peter B. Vaughan was to take the “whole property” never happened, as the widow died without ever marrying. He therefore takes nothing under that provision of the will. But in a subsequent portion of the will it is provided that “my beloved son, *251 Peter B. Yaughan, is to have one half of the property left by me when he becomes of age; the other half to be kept by my wife during her life or widowhood.” Here he gives Peter B. Yaughan one half of the estate “when he becomes of age,” and “the other half is to be kept by” his wife “during her life or widowhood.” “If she should marry,” then Peter was to take the whole estate; but if she should die without ever marrying, then there is no disposition made in the will of the remainder of that half after the termination of her life-estate. As to that portion of his estate he died intestate. But we think the division of this part of the estate as ordered by the decree is erroneous.
We have seen that, by the will, Peter B. Yaughan takes one half of the estate; and we hold that, by the provision of the first section of the act of 1839, ch. 48, (Nich. Sup., 146,) Eason, the other heir and distributee, must be made equal to what he received under the will before he can be permitted to participate in a division of the residue of the estate. ‘
That section provides, “ that any child or heir of a deceased person, .or the heirs or representatives of such, who or whose ancestor may have been advanced by his or her parent or ancestor, whether by settlement or otherwise in his lifetime or by testamentary provision, whether any such advancement be of real or personal estate, shall bring such advancement into contribution, in the partition and distribution of the real and personal estate of such deceased person, with other children, or the heirs or representatives of such.”
This statute is too clear to admit of comment. If a distributee has been advanced by testamentary provision, he must bring it into contribution.
*252 The result is, that the decree must he reversed, and a decree rendered settling the rights of the parties as herein set forth. The costs will be paid out of the estate in the hands of complainants, and the cause remanded to the Chancery Court, that partition and distribution may be made.